SCOTT C. CLARKSON, ESQ. (sbn 143271)
EVE A. MARSELLA. ESQ. (sbn 165797)
3424 CARSON STREET, SUITE 350
TORRANCE, CALIFORNIA 90503
Telephone: (310) 542-0111
Facsimile: (310) 214-7254
Proposed Counsel for Wei Xu and Le Du, Chapter 11 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re: | Case No. 2:09-bk-24637-VK |
|---|---|
| WEI XU AND LE DU, | Chapter 11 |
| Debtors and Debtors in Possession. | APPLICATION OF WEI XU AND LE DU, CHAPTER 11 DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY CLARKSON, GORE & MARSELLA, APLC AS BANKRUPTCYCOUNSEL; DECLARATION RE DISINTERESTEDNESS OF SCOTT C. CLARKSON, ESQ. |
| | (NO HEARING REQUIRED) |

TO THE HONORABLE VICTORIA L. KAUFMANN, UNITED STATES BANKRUPTCY JUDGE:

Wei Xu and Le Du, Chapter 11 Debtors and Debtors in Possession ("Applicants" or "Debtors"), hereby files their application (the "Application") to employ Clarkson, Gore & Marsella, APLC (the "Clarkson Firm") as counsel to the Debtors as of June 17, 2009, to be compensated under the provisions of 11. U.S.C. §330 et seq., and respectfully represents the following:

///

///

///

-1-

## BACKGROUND

1. The Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code on June 11, 2009 (the "Filing Date"). The Debtors are currently debtors-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code. The Debtors originally filed their case *in pro per*, and upon substitution of counsel, the Clarkson Firm assumed responsibility for the case. Also, the case filing originally omitted the Notice of Affiliated Case, and was therefore not initially assigned to a low-numbered case which is affiliated with the Debtors, In re Aeolus Down, Inc., Case number 2-09-bk-22497-RN. A Motion to Reassign Case is being filed by the Debtors with the low-numbered Court pursuant to the Local Bankruptcy Rules of the Central District of California.

## THE CLARKSON FIRM

2. The Debtors desire to retain Scott C. Clarkson, Eve A. Marsella, and other members, associates and of counsel of the Clarkson Firm as bankruptcy counsel as they are skilled counsel in insolvency proceedings and have special knowledge that will enable them to perform services of particular benefit to Applicant.

3. The Debtors understand that the Clarkson Firm has extensive experience and knowledge in the field of creditors' and debtors' rights, including but not limited to, issues presented in this particular Chapter 11 proceeding. Scott C. Clarkson ("Clarkson") currently serves as the Chair of the Los Angeles County Bar Association's Commercial Law & Bankruptcy Section, and has extensive California and 9th Circuit experience in Chapter 11 proceedings and commercial law. Clarkson also has extensive experience with the representation of Debtors in Possession, Creditor Committees, secured and unsecured creditors. Clarkson serves as a Member to the Bar Advisory Board to the United States Bankruptcy Court for the Central District of California. The Clarkson Firm does not and never has represented any of the secured or unsecured creditors in this case. Further, the Clarkson Firm has not represented any of the creditors involved in this estate and has never previously represented the Debtors or any of their insiders, affiliates, owners, officers or directors.

4. The Clarkson Firm has represented public corporation Debtor in Possession entities and privately held chapter 11 debtors. The Clarkson Firm has also represented individual chapter 11 debtors. The Clarkson Firm also represents trustees and creditors in significant bankruptcy litigation matters within the 9th Circuit. The Clarkson Firm has represented a number of Creditor Committees' and Sub-Creditor Committees' interests in cases such as ARG Holdings, Inc. (aka Black Angus Restaurants); the Sizzler Restaurant Group, Inc., as well as representing a significant number of secured and unsecured creditor entities within the 9th Circuit. Based upon the Clarkson Firm's experience and expertise, the Debtors believe that the Clarkson Firm is well-qualified to provide effective, timely and efficient counsel in this Chapter 11 case.

5. All attorneys comprising or associated with the Clarkson Firm who will render services in these cases are dully admitted to practice law in all the courts of the State of California and all of the United States District Courts and Bankruptcy Courts within the State of California. A summary of the experience and qualifications of those members of the Clarkson Firm expected to render services to the Debtor is attached as Exhibit "A" to the annexed Declaration of Scott C. Clarkson (the "Clarkson Declaration").

### SCOPE OF CLARKSON FIRM'S EMPLOYMENT

6. Subject to this Court's approval, the Debtors will engage the Clarkson Firm as their counsel in this bankruptcy case. In order to contribute to the proper and expeditious administration of this case, the Clarkson Firm must assist the Debtors in connection with this proceeding and perform certain services including but shall not be limited to the following matters:

    a. To assist and advise the Debtors relative to the administration of this Chapter 11 case;

    b. To attend meetings and negotiate with the representatives of the secured and unsecured creditors of the estate;

    c. To assist and advise the Debtors in its examination and analysis of the conduct of the Debtors' affairs and the sale of its assets;

-3-

1         d.      To assist the Debtors in the preparation, analysis and negotiations of any plan(s) of reorganization or liquidation that may be filed and to assist the Debtors in the preparation, analysis and negotiation of the disclosure statement accompanying any such plan(s);

        e.      To assist the Debtors in the review, analysis, and negotiation of any financing agreements;

        f.      To take all necessary action to protect and preserve the interests of the Debtors, including the prosecution of actions on its behalf, negotiations concerning all bankruptcy litigation in which the Debtors are involved, and review and analyze all claims filed against the Debtors' estate;

        g.      To generally prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Debtors;

        h.      To appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee and to protect the interests of the Debtors before said Courts and the United States Trustee; and

        i.      To perform all other necessary legal services in these cases.

7.     It is necessary for the Debtors to employ attorneys for such professional services.

8.     The Clarkson Firm attorneys who will be primarily responsible for representing the Debtors are Scott C. Clarkson, Eve A. Marsella, shareholders of the Clarkson Firm, and Christine Fitzgerald, an Associate of the Clarkson Firm.

## COMPENSATION ARRANGEMENT

9.     The Clarkson Firm has received a post-petition $15,000.00 engagement deposit from the Debtors' adult son, Yuang Xu, for services rendered, or to be rendered, in this case. These funds were gifted post-petition to the Debtors by Yuang Xu. These funds have been placed in the Clarkson Firm's Client Trust Account. Subject to the Court's approval, the Clarkson Firm intends to charge the Debtors' estate for its services in accordance with its typical billing practices. The Debtors have also agreed to pay the Clarkson Firm $5,000.00 per month from post-petition earnings. These payments will be deposited into the Clarkson Firm Client Trust Account, and the Clarkson Firm is requesting by this Application that these funds be available for monthly

-4-

drawdown by the Clarkson Firm pursuant to the Guidelines of the U.S. Trustee, and subject to appropriate interim and final fee applications to be filed by the Clarkson Firm. A list of the guideline hourly rates for the members, associates and paralegals for the Clarkson Firm expected to render services on behalf of the Debtors is annexed as Exhibit "B" to the Clarkson Declaration. Time for which fee charges apply includes, but is not limited to, telephone calls, correspondence, meetings, legal analysis and research, review and drafting of documents, interviewing of witnesses, discovery proceedings (such as depositions and interrogatories), pleadings, motions, court appearances, conferences and travel. The Clarkson Firm will be entitled to reimbursement for any expenses incurred with respect to this matter. These expenses and services include, but are not limited to, travel expense, long distance telephone charges, facsimile charges, postage, filing fees, messenger service, court reporter services, expert witness fees, filing or search services, document reproduction, document collation and binding, computer research time. Included in the attached Exhibit "B" are the rates charged for expenses incurred on behalf of the Clarkson Firm's clients. The Clarkson Firm shall seek compensation pursuant to 11 U.S.C. §330.

10. To the best of the Debtors' knowledge, and confirmed by the Declaration of Scott C. Clarkson, no agreement exists between the Clarkson Firm and any other person for the sharing of compensation received or to be received for services rendered in connection with this case, except with the internal parties of the Clarkson Firm.

11. Subject to this Court's approval, the Clarkson Firm will be employed on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to 11 U.S.C. Sections 330, 331, 503 and 507.

## THE CLARKSON FIRM IS DISINTERESTED

12. To the best of the Debtors' knowledge, based upon and subject to the disclosures in the Clarkson Declaration, the Clarkson Firm is disinterested, does not hold or represent any interest adverse to the estate herein and has no other connection with the Debtors, their respective attorneys and accountants, the United States Trustee or any person employed by the United States Trustee. The Clarkson Firm notes that the post-petition deposit of $15,000.00 was funds gifted to the Debtors by their adult son.

13.     The Clarkson Firm has reviewed the list of the Debtors' creditors. The Clarkson Firm has represented none of the creditors of the estate.

14.     The Clarkson Firm has no interest materially adverse to the interests of the Debtors' estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, the creditors, or any investment banker for any security of the Debtors, or for any reason.

## NOTICE

15.     Pursuant to the Federal Rule of Bankruptcy Procedure 9034 and Guideline 2.1 of the United States Trustee Guideline for Region 16, this Application has been contemporaneously transmitted to the Office of the United States Trustee.

## CONCLUSION

16.     The employment of Scott C. Clarkson, Eve A. Marsella, and other members, Associates and of Counsel of the Clarkson Firm as Debtors' Counsel is in the best interest of the estate.

**WHEREFORE**, the Debtors pray that the Court enter an order authorizing the Clarkson Firm's employment as counsel to the Debtors in the above-referenced bankruptcy proceeding as of June 17, 2009.

Dated: June 24, 2009

_____
Wei Xu

_____
Le Du

///

///

///

1  Submitted by:

2  /s/ Scott C. Clarkson

3  Scott C. Clarkson,
   CLARKSON, GORE & MARSELLA, APLC,
4  Proposed Counsel for Wei Xu and Le Du
   Chapter 11 Debtors and Debtors in Possession

## **DECLARATION OF SCOTT C. CLARKSON**

I, Scott C. Clarkson, declare:

1. I am over eighteen years of age and have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated. I am a member of Clarkson, Gore & Marsella, APLC ("CGM" or the "Clarkson Firm"). This declaration is submitted in support of the Application of Wei Xu and Le Du, Chapter 11 Debtors and Debtors in Possession to Employ CGM as Counsel (the "Application").

2. CGM is a law firm which maintains offices at 3424 Carson Street, Suite 350, Torrance, CA 90503. All attorneys comprising or associated with the Clarkson Firm who will render services in these cases are dully admitted to practice law in all of the courts of the State of California and in the United States District Courts for the Central, Southern, Northern and Eastern Districts of California. A summary of the experience and qualifications of those members of the Clarkson Firm expected to render services to the Debtor is attached hereto as Exhibit "A".

3. CGM has many years worth of experience representing debtors in possession, committees, single creditors, trustees, purchasers of assets, and other parties-in-interest in bankruptcy cases and adversary proceedings.

4. Should CGM's employment as Debtors' counsel be approved, CGM would perform the following legal services on behalf of the Debtor as counsel;

    a. To assist and advise the Debtors relative to the administration of this Chapter 11 case;

    b. To attend meetings and negotiate with the representatives of the secured and unsecured creditors;

   c. To assist and advise the Debtors in its examination and analysis of the conduct of the Debtors' affairs and the possible sale of their assets;

   d. To assist the Debtors in the development, review, analysis and negotiations of any plan(s) of reorganization or liquidation that may be filed and to assist the Debtors in the preparation, review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

   e. To assist the Debtors in the review, analysis, and negotiation of any financing agreements;

   f. To take all necessary action to protect and preserve the interests of the Debtors, including the prosecution of actions on its behalf, negotiations concerning all litigation in which the Debtors is involved, and review and analyze all claims filed against the Debtors' estate;

   g. To generally prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Debtors;

   h. To appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee and to protect the interests of the Debtors before said Courts and the United States Trustee; and

   i. To perform all other necessary legal services in these cases.

 5. Neither I nor any member, associate or of Counsel of CGM represents professionally or is professionally associated with the Debtors (with the exception of this representation), the Debtors' affiliates, secured creditors, unsecured creditors, United States Trustee or any person employed in the Office of the United States Trustee.

 6. Based on the knowledge available to it as of the date of execution of this Declaration, CGM believes it is a "disinterested person" with no conflict of interest existing that would preclude representation of the Debtors in this case and that the retention of CGM would be in the best interests of the Debtors.

 7. The Clarkson Firm has received a post-petition $15,000.00 engagement deposit from the Debtors which was derived from a gift from their adult son for services rendered, or to be

rendered, in this case. These funds belonged to the Debtors, which was gifted to them by their adult son. Subject to the Court's approval, the Clarkson Firm intends to charge the Debtor's estate for its services in accordance with its typical billing practices. A list of the guideline hourly rates for the members, associates and paralegals for the Clarkson Firm expected to render services on behalf of the Debtor is annexed as Exhibit "B" to the Clarkson Declaration. Time for which fee charges apply includes, but is not limited to, telephone calls, correspondence, meetings, legal analysis and research, review and drafting of documents, interviewing of witnesses, discovery proceedings (such as depositions and interrogatories), pleadings, motions, court appearances, conferences and travel. The Clarkson Firm will be entitled to reimbursement for any expenses incurred with respect to this matter. These expenses and services include, but are not limited to, travel expense, long distance telephone charges, facsimile charges, postage, filing fees, messenger service, court reporter services, expert witness fees, filing or search services, document reproduction, document collation and binding, computer research time.

8.  No promise has been received by CGM or any member of the firm as to any alternative compensation in connection with this case. CGM has no agreement with any other entity to share with such entity compensation received by the firm in connection with this case.

9.  CGM intends to apply to the Court periodically for approval and allowance of compensation for professional services rendered and reimbursement of disbursements made in connection with this case, pursuant to 11 U.S.C. §330.

10. Subject to the Court's approval, the Clarkson Firm intends to charge the Debtor's estate for its services in accordance with its typical billing practices.

11. CGM also routinely bills its clients for expenses actually incurred on behalf of the client such as telephone charges, photocopying charges, mail and express mail charges, facsimile charges, hand delivery and other delivery charges, travel expenses, and computer charges.

-10-

1  Included in the attached Exhibit "B" are the rates charged for expenses incurred on behalf of

2  CGM's clients.

3      I declare under penalty under the laws of the United States of America that the foregoing is

4  true and correct.

5

6      Executed this 24th day of June, 2009, at Torrance, California.

7                                */s/ Scott C. Clarkson*

8                            SCOTT C. CLARKSON

# EXHIBIT "A"

## BIOGRAPHIES OF MEMBERS AND OTHER ATTORNEYS ASSOCIATED WITH CLARKSON, GORE & MARSELLA, A PROFESSIONAL LAW CORPORATION, EXPECTED TO RENDER SERVICES TO THE DEBTOR

**SCOTT C. CLARKSON** - Born Houston, Texas, September 6, 1954. Admitted to California bar, 1989, District of Columbia bar 1986, Commonwealth of Virginia bar 1982. Current Chairman, Los Angeles County Bar Association Commercial Law & Bankruptcy Section; Former Chairman, Los Angeles County Bar Association Bankruptcy Committee; Member of the Court Advisory Committee of the United States Bankruptcy Court for the Central District of California; Martindale Hubbell AV Rated.

**Author:** "Representing Creditors in Individual and Small Business Chapter 11 Cases", Personal and Small Business Bankruptcy Practice in California, California Continuing Education of the Bar (CEB), 2002 to 2008 editions.

**Author:** "More About the Bankruptcy Act of 1978", American Bar Association Journal, May 1979; "A Legislative History of the Bankruptcy Court System", Annual Survey of Bankruptcy Law, Emory University, 1979.

**Coauthor:** "Private Relief Legislation in the United States Congress", West Federal Practice Manual, 1980; "The New RCRA: Legislative Mandates, Regulatory Resources", Vol. 1, No. 6, Hazardous Substances Journal, April 1986.

**Editor:** "The Legislative History of Hazardous and Solid Waste Amendments of 1984", Institute for Law and Public Health Protection, November 1985; "The Legislative History of the Superfund Amendments of 1986", Institute of Law and Public Health Protection, April 1987.

**Education:** Indiana University (B.A. with Honors, 1979); George Mason University School of Law (J.D., 1982); Articles Editor, Law Review, 1982; Law Clerk to U.S. District Judge William L. Hungate, Eastern Division of Missouri.

**Professional Affiliations:** Chair, Los Angeles County Bar Association Commercial Law and Bankruptcy Section; Past Chair of the LACBA Bankruptcy Committee. Former Local Bankruptcy Rules Committee Chair, Legislative Committee Chair. Los Angeles Bankruptcy Forum (Member of Board of Directors, 2002-2003); South Bay Bar Association, Financial Lawyers Conference; American Bar Association (Member, Business Bankruptcy Section Subcommittee on Legislation), Member of Advisory Board to Norton's Annual Survey of Bankruptcy Law, 1979-81.
Legislative Director for U.S. Congressman Harold L. Volkmer, United States House of Representatives, assigned to House Judiciary Committee's redrafting of the Federal Bankruptcy Code, 1977-79.
Bankruptcy Trustee, the District of Columbia and Eastern Virginia, 1979-82.

**EVE A. MARSELLA** - Born September 24, 1966. Admitted to California bar, 1993, U.S. District Court, Central and Southern Districts of California.

**Education:** University of California at Los Angeles (B.A. English, 1989); Loyola Law School (J.D. 1992).

**Professional Affiliations:** Los Angeles County Bar Association, South Bay Bar Association, American Bar Association, Phi Delta Phi Law Fraternity, South Bay American Inn of Court, Financial Lawyers Conference, South Bay Women Lawyers Association (President, 2001).

**BARRY R. GORE** - Born Washington, D.C., April 10, 1960. Admitted to California bar 1989; United States Court of Appeals, Ninth Circuit, 1989; United States District Court, Northern, Central and Southern Districts.

**Education:** Wharton School of Finance and Commerce, University of Pennsylvania (B.S., 1982); Graduate School of Business Administration, University of Southern California (M.B.A. Dean's List, 1989); Loyola Law School (J.D., 1988).

**Judicial Extern:** Federal Judicial Extern to the Honorable Barry J. Russell of the of the United States Bankruptcy Court of the Central District of California (1988).

**Judge Pro Tempore:** Municipal Court for the County of Los Angeles, State of California, South Bay Judicial District, 1995.

**Professional Affiliations:** State Bar of California; American Bar Association (Member, Business Bankruptcy Committee and Subcommittee on Bankruptcy Aspects of Business Transactions); Los Angeles County Bar Association; South Bay Bar Association; Beverly Hills Bar Association; Financial Lawyers Conference; Los Angeles World Affairs Council; Phi Alpha Delta; Wharton School and University of Pennsylvania Alumni Clubs (Member, Secondary Schools Recruiting Committee).

**CHRISTINE FITZGERALD**. Born October 11, 1982. Admitted to the California Bar, 2008.

**Education:** The Pennsylvania State University (B.S. Chemical Engineering 2005); Loyola Law School (J.D. 2008).

**Professional Affiliations:** Los Angeles County Bar Association; Financial Lawyers Conference; Los Angeles Bankruptcy Forum, Phi Alpha Delta Law Fraternity; Delta Zeta Sorority (National Academics Committee).

**ISRAEL SAPERSTEIN**. Admitted to the California Bar, 1978.

Education: California State University at Los Angeles, BA; Whittier College School of Law, JD.

Israel Saperstein is a litigator and he is certified by the State Bar of California as a specialist in Bankruptcy Law. His practice focuses on bankruptcy law, commercial law and debtor and creditor rights. He has extensive litigation experience in many forums, including state, federal and bankruptcy courts.

1  Mr. Saperstein is admitted to practice before the United States District Courts of all the Districts of California and the Ninth Circuit Court of Appeals. He is a Judge Pro Tempore panel member of the California Superior Court for the County of Los Angeles.

2

3  Mr. Saperstein has been a co-author of the Collier Handbook for Creditors' Committees and Collier Handbook for Trustees and Debtors in Possession. He is a member of the Financial Lawyers' Conference, the Litigation and Commercial Law and Bankruptcy Sections of the Los Angeles County Bar Associations, and the Commercial Law League of America. He has spoken for the Commercial Law League of America satellite network.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "B"**

**Principals**

| | | |
|---|---|---|
| Scott C. Clarkson | $450.00 | Principal |
| Eve A. Marsella | $425.00 | Principal |
| Barry R. Gore | $400.00 | Principal |

**Associates**

| | | |
|---|---|---|
| Christine Fitzgerald | $375.00 | Associate |

**Of Counsel**

| | | |
|---|---|---|
| Israel Saperstein | $400.00 | Of Counsel |

**Paralegals Expected to be Most Active**

| | | |
|---|---|---|
| Michelle Carpenter | $100.00 | Paralegal |

**Costs and Expenses**

| | |
|---|---|
| In-office photocopying | $.20/page |
| Postage | Cost |
| Mileage | $.58/mile |
| Secretarial/Clerical Overtime | $25.00/hour |
| Telephone charges | Cost |
| Telecopier | $1.00 per page, send only |
| AirFare | standard coach fare |

| In re: | | CHAPTER: 11 |
|---|---|---|
| Wei Xu and Le Du | | |
| | Debtor(s). | CASE NUMBER: 2:09-bk-24637-VK |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street, Suite 350
Torrance, CA 90503

The foregoing document described    APPLICATION OF WEI XU AND LE DU, CHAPTER 11 DEBTORS IN POSSESSION TO EMPLOY CLARKSON, GORE & MARSELLA, APLC AS BANKRUPTCY COUNSEL; DECLARATION RE DISINTERESTEDNESS OF SCOTT C. CLARKSON, ESQ. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 24, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**U.S. TRUSTEE**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**COUNSEL FOR THE U.S. TRUSTEE**
Dare Law    dare.law@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL** ~~OR OVERNIGHT MAIL~~ (indicate method for each person or entity served):
On    June 24, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, ~~and/or with an overnight mail service~~ addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTORS**
Le Du
18816 Whitney Pl
Rowland Heghts, CA 91748

Wei Xu
18816 Whitney Pl
Rowland Heghts, CA 91748

**JUDGE**
Honorable Victoria S. Kaufman
255 E. Temple St., Suite 1682
Los Angeles, CA 90012

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| In re:<br>Wei Xu and Le Du | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:09-bk-24637-VK |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 24, 2009 | Michelle Carpenter | /s/ Moe |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**